IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| NANCY R. HENDERSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>JIM FALK MOTORS OF MAUI, INC. et al.,<br><br>    Defendants. | CIVIL NO. 14-00079 DKW-KSC<br><br>**ORDER GRANTING PLAINTIFF NANCY R. HENDERSON'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT EAN HOLDINGS, LLC'S MOTION TO TRANSFER VENUE** |

**ORDER GRANTING PLAINTIFF NANCY R. HENDERSON'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT EAN HOLDINGS, LLC'S MOTION TO TRANSFER VENUE**

       Henderson seeks remand based on 28 U.S.C. §1441(b)(2). Because the presence of Defendant Falk Motors violates the forum defendant rule, and because Defendant EAN has not shown fraudulent joinder, removal to this Court is improper. The Court thus grants Henderson's motion to remand and denies as moot Defendant EAN's motion to transfer venue. The Court also denies Henderson's request for fees and costs in conjunction with the remand order.

**BACKGROUND**

       Henderson filed a complaint in the Second Circuit Court, State of Hawai'i, on January 8, 2014. Henderson asserts that she is a citizen and resident of

Kansas. The Complaint asserts claims against Defendant Jim Falk Motors of Maui, Inc. ("Falk Motors"), a Hawai'i corporation with its principal place of business in Kahului, Maui, and Defendant EAN Holdings, LLC ("EAN"), a Missouri corporation with its principal place of business in Missouri. EAN is the successor in interest to Enterprise Rent-A-Car Company of Hawaii ("Enterprise"), a Missouri corporation with its principal place of business in Hawaii. Complaint ¶¶ 1–4.

Henderson's claims arise out of the damages she allegedly suffered from a car accident she had while driving a Pontiac Vibe. The Vibe in question was formerly a rental vehicle owned by EAN. During the period that EAN owned the Vibe and was using it as a rental vehicle, General Motors issued two safety recalls related to accelerator pedal problems applicable to the Vibe. Henderson alleges that EAN (or Enterprise) took the Vibe to Falk Motors to have the recall work done. Complaint ¶¶ 11–19.

Henderson asserts that Falk Motors represented to EAN (or Enterprise) that it had completed the necessary recall work on the Vibe. However, the recall work was, in fact, never done by Falk Motors or anyone else while the Vibe was owned by EAN. Henderson later purchased the Vibe, not knowing that the recall work had never been done. Complaint ¶¶ 20–23.

About a year and a half after purchasing the Vibe, Henderson was involved in an accident. According to Henderson, she "was driving her granddaughter to school in the subject Vibe when the subject Vibe accelerated uncontrollably, causing plaintiff to overshoot her intended right turn, cross the centerline into oncoming traffic and collide with a 1996 Toyota Camry." Complaint ¶ 24.

The Complaint asserts a claim of negligence against Falk Motors for failing to perform the recall work on the Vibe, and claims of negligence and strict liability against EAN and Enterprise for failing to inspect and ensure that the recall work on the Vibe was properly completed. Complaint ¶¶ 32–47.

EAN filed a notice of removal to this Court on February 14, 2014. Henderson's motion to remand, which is presently before this Court, was filed in a timely manner shortly thereafter. EAN later filed a motion to transfer venue to the District of Kansas.

## **STANDARD OF REVIEW**

"When an action is removed on the basis of diversity, the requisite diversity must exist at the time the action is removed to federal court." *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). In addition to the fundamental requirement of complete diversity, the removal statute imposes an additional limitation (the "forum defendant rule") on actions removed pursuant to diversity

jurisdiction: "such action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) ("[Section] 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state.").

Federal courts "strictly construe the removal statute against removal jurisdiction," such that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The party seeking removal has the burden of establishing federal jurisdiction, and '[n]ormally, the existence of federal jurisdiction on removal must be determined from the face of plaintiff['s] complaint.'" *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir. 1993).

However, "[i]t is commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *see also Yellen v. Teledyne Continental Motors, Inc.*, 832 F. Supp. 2d 490, 503 (E.D. Pa. 2011) (fraudulent joinder can be an exception to cases involving the forum defendant rule).

"Joinder is fraudulent '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Hunter v. Philip Morris, USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)); *see also Tomlinson v. Deutsche Bank Nat'l Trust Co.*, 2014 WL 346922, at *3 (D. Haw. Jan. 30, 2014) ("Fraudulent joinder 'occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal.'" (quoting *In re Prempro Products Liability Litigation*, 591 F.3d 613, 620 (8th Cir. 2010))). "[T]here is a general presumption against fraudulent joinder," and "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton*, 494 F.3d at 1206. Thus, a defendant asserting fraudulent joinder bears the heavy burden of facing both the strong presumption against removal jurisdiction as well as the general presumption against fraudulent joinder. *Hunter*, 582 F.3d at 1046.

## **DISCUSSION**

Henderson invokes the forum defendant rule in moving for remand, asserting that Falk Motors is a citizen of Hawai'i, and, thus, section 1441(b)(2) prohibits removal of this action from state court. EAN counters that Falk Motors was fraudulently joined in this action, and thus removal is not precluded. The Court concludes that EAN has not established fraudulent joinder by clear and

5

convincing evidence. Consequently, pursuant to section 1441(b)(2), the Court grants the motion to remand under the forum defendant rule because Falk Motors is a citizen of Hawai'i, where this action was brought. The Court also denies as moot EAN's motion to transfer venue.

As noted above, fraudulent joinder can only be found where the failure by a plaintiff to state a claim is "'obvious according to the settled rules of the state.'" *Hunter*, 582 F.3d at 1043 (quoting *Hamilton*, 494 F.3d at 1206). Henderson alleged in the Complaint that Falk Motors owed Henderson a duty of care, was negligent in failing to make the necessary recall repairs on the Vibe and was also negligent in failing to warn Henderson and other consumers that it did not complete the recall work. The authorities cited to the Court by EAN do not demonstrate that Henderson obviously cannot assert such claims under Hawai'i law. In fact, the parties' own briefing (*i.e.,* each side citing to several marginally relevant cases that could instruct a conclusion either way) illustrates that there is no settled rule regarding negligence claims against a defendant like Falk Motors in the unique circumstances of this case.[1] Consequently, because the heavy burden of establishing fraudulent joinder falls on EAN, and because EAN has not satisfied that burden, the Court cannot find that Henderson fraudulently named Falk Motors

---

[1] To be clear, the Court makes no determination as to whether, in fact, Falk Motors owes a duty to Henderson or acted negligently in the manner alleged by Henderson. The Court only concludes that EAN has failed to show by clear and convincing evidence that Hawai'i law obviously bars Henderson's claims.

in this action, much less did so for purposes of defeating diversity. Absent fraudulent joinder, there is no dispute that the forum defendant rule would apply, thus requiring a remand. Accordingly, Henderson's motion to remand is granted.

Notwithstanding the Court's decision to remand, Henderson's request for an award of costs, expenses, and fees, pursuant to 28 U.S.C. § 1447(c), is denied. "[T]he standard for awarding fees [under § 1447(c)] should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Removal is objectively unreasonable if 'the relevant case law clearly foreclosed the defendant's basis of removal.'" *County of Hawaii v. UniDev, LLC*, 2010 WL 520696, at *13 (D. Haw. Feb. 11, 2010) (quoting *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008)). As discussed above, the authorities cited by both sides indicate that the relevant case law is not clear as to Henderson's ability to assert a negligence claim against Falk Motors. Consequently, it is also not clear that EAN had no objectively reasonable basis for removing this action. As such, an award of fees and costs would be improper. *Martin*, 546 U.S. at 141.

Finally, EAN's motion to transfer venue is denied as moot.

## CONCLUSION

The Court hereby grants Henderson's motion to remand and denies as moot EAN's motion to transfer venue. Henderson's request for fees in conjunction with the remand order is denied. This case is remanded to the Circuit Court of the Second Circuit, State of Hawai'i.

IT IS SO ORDERED.

DATED: July 10, 2014 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Nancy R. Henderson v. Jim Falk Motors of Maui, Inc., et al.; CV 14-00079 DKW/KSC; ORDER GRANTING PLAINTIFF NANCY R. HENDERSON'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT EAN HOLDINGS, LLC'S MOTION TO TRANSFER VENUE